## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

BENJAMIN HEAD,                                                                                    Plaintiff,

**v.**

FRONTIER AIRLINES, INC., a Colorado
corporation,
                                                                                                      Defendant.
_____

## COMPLAINT
_____

**COMES NOW** the Plaintiff, by and through his attorneys, the Roseman Law Offices, LLC, and for a Complaint against Defendant, states and alleges as follows:

### JURISDICTION AND VENUE

**1.** This Court has jurisdiction pursuant to 29 U.S.C. §2617(a)(2) over Plaintiff's claims of interference with and/or retaliation for his exercise or attempted exercise of his protected rights.

**2.** Venue herein is proper under 28 U.S.C. §1391(b). Plaintiff's claims arose within the State of Colorado.

### PARTIES

**3.** Plaintiff is a citizen of the United States, and at all times relevant hereto was employed by Defendant as a flight officer.

**4.** Defendant is a corporation organized and existing pursuant to the laws of the State of Colorado.

**5.** Defendant is an "employer" within the meaning of 29 U.S.C. §2611(4). At all times pertinent hereto, Defendant engaged in commerce or in any industry or activity affecting

-2-

commerce, and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or proceeding calendar year.

## **FACTUAL ALLEGATIONS**

6.      On or about January 3, 2017, Defendant hired Plaintiff for the position of flight officer.

7.      Defendant treated and regarded Plaintiff as a probationary employee during the time he was employed by Defendant.

8.      As of July 12, 2018, Plaintiff was eligible to receive leave, pursuant to the Family and Medical Leave Act ("FMLA"), the Airline Flight Crew Technical Corrections Act, 29 C.F.R. § 825.802, and U.S. Department of Labor Fact Sheet #28J.  During the preceding year, Plaintiff worked or was paid for not less than 60 percent of his applicable monthly guarantee and worked or was paid for not less than 504 hours.

9.      Between January 2017 and July 2018, Plaintiff missed more than two weeks of work.  Some or all of that time was due to Plaintiff's own serious health condition and due to the care he provided to both of his elderly parents because of their serious health conditions.  In particular:

(a)      In October 2017, Plaintiff missed one day of work due to an elbow injury he sustained during non-working hours;

(b)      In November 2017, Plaintiff missed two days of work due to the same injury;

(c)      In January 2018, Plaintiff was hospitalized and missed four days of work due to the same injury;

(d)      In March 2018, Plaintiff missed five days of work due to the need for him

to care for his elderly father, who had suffered a heart attack;

**(e)**    In April 2018, Plaintiff missed one day of work due to complications from his earlier elbow injury; and

**(f)**    In May 2018, Plaintiff missed three days of work due to the need for him to care for his elderly mother, who fell and broke her hip.  Plaintiff's mother has hospitalized and stayed in an overnight rehabilitation center for approximately three (3) weeks following her fall.

**10.**    Plaintiff's absences in 2018 were due to his inability to work as a result of his own serious health condition and due to his need to care for his parents as a result of their serious health conditions.

**11.**    On or about July 12, 2018, Plaintiff met with Brad Lambert, Defendant's vice president of flight operations, Shawn Christiansen, Defendant's system chief pilot, and a human resources representative.

**12.**    During that meeting, Defendant's management representatives reviewed Plaintiff's attendance record with him.  Plaintiff offered to provide copies of his medical records concerning the absences that resulted from his own serious health condition and from his care for his parents due to their serious health conditions.

**13.**    Defendant's management representatives informed Plaintiff, on or about July 12, 2018, that if one were to extrapolate from Plaintiff's attendance record, he would not be considered a dependable employee.  Those representatives did not inform Plaintiff during or before that meeting what dependability levels Defendant considered to be acceptable.

**14.**    Defendant's conclusion that Plaintiff would not be considered a dependable employee was a prediction of his future absences from work, based on his previous attendance record.  That conclusion was based, in whole or in part, on Plaintiff's FMLA-protected leave after

-4-

he became eligible to receive that leave on and after January 3, 2018.

15.     Defendant terminated Plaintiff's employment on or about July 12, 2018, because Defendant considered him to be undependable because of time he was absent from work due to a serious health condition that made the him unable to perform the functions of his position, and because of the time he spent to care for both of his parents due to their serious health conditions.

### FIRST CLAIM FOR RELIEF

For his First Claim for Relief against Defendant, Plaintiff adopts and incorporates by reference herein the allegations contained in Paragraphs Nos. 1 through 15, inclusive, of this Complaint and further states and alleges as follows:

16.     Defendant willfully interfered with, restrained or denied the exercise of or the attempt to exercise, any right provided Plaintiff under the FMLA.

17.     As a direct and proximate result of such actions, Plaintiff has been, is, and in the future will be deprived of income in the form of wages and prospective retirement benefits and other benefits due him as an employee, in a sum to be proven at trial.

18.     In addition, Defendant is liable for liquidated damages for its violation(s) of Plaintiff's rights under the FMLA.

### SECOND CLAIM FOR RELIEF

For his Second Claim for Relief against Defendant, Plaintiff adopts and incorporates by reference herein the allegations contained in Paragraphs Nos. 1 through 18, inclusive, of this Complaint and further states and alleges as follows:

19.     Defendant willfully retaliated against Plaintiff because of his exercise of or his attempt to exercise any right provided under the FMLA.

20.     As a direct and proximate result of such actions, Plaintiff has been, is, and in the future will be deprived of income in the form of wages and prospective retirement benefits and

other benefits due him as an employee, in a sum to be proven at trial.

**21.**     In addition, Defendant is liable for liquidated damages for its violation(s) of Plaintiff's rights under the FMLA.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

**A.**     Issue a declaratory judgment that the acts, policies, practices, and procedures of Defendant set forth in this Complaint herein violated and continue to violate Plaintiff's rights under § 105 of the Family and Medical Leave Act, 29 U.S.C. § 2615;

**B.**     Order Defendant to make Plaintiff whole by reinstating him to his former position with Defendant, providing appropriate back pay and reimbursement for lost pension and other benefits and expenses, in an amount to be shown at trial; and, should this Court determine that reinstatement is not a practicable option for Plaintiff, to pay Plaintiff back pay, reimbursement for lost pension and other benefits and expenses, and the present value of his future lost earnings and future lost pension and other benefits and expenses, in an amount to be shown at trial;

**C.**     Enter judgment in favor of Plaintiff and against Defendant for compensatory damages, in an amount to be shown at trial;

**D.**     Enter judgment in favor of Plaintiff and against Defendant for liquidated damages, in an amount to be shown at trial; and

**E.**     Grant such other and additional relief as may to this Court seem proper.

-6-

Respectfully submitted,

ROSEMAN LAW OFFICES, LLC

s/ Barry D. Roseman
BARRY D. ROSEMAN
1120 Lincoln Street, Suite 1306
Denver, CO 80203
Telephone: (720) 917-1300
FAX: (303) 861-9214
E-mail: Barry@RosemanLegal.com

Attorney for Plaintiff

Address of Plaintiff:

2778 Keystone Drive
Evergreen, Colorado 80439

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE HEREIN**