# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02650-MEH

BENJAMIN HEAD, Plaintiff,

**v.**

FRONTIER AIRLINES, INC., a Colorado corporation, Defendant.

___

## SCHEDULING ORDER
___

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The scheduling conference in this case was held on November 15, 2019. Appearing for the parties were: Barry D. Roseman of the Roseman Law Offices, LLC, 1120 Lincoln Street, Suite 1306, Denver, Colorado 80203, (720) 917-1300, appearing for the Plaintiff; and Stephen E. Baumann II, Littler Mendelson, P.C., 1900 16th Street, Suite 800, Denver, Colorado 80202, (303) 629-6200, appearing for the Defendant.

### 2. STATEMENT OF JURISDICTION

The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331.

### 3. STATEMENT OF CLAIMS AND DEFENSES

**a.** *Plaintiff*:

**1.** Plaintiff was employed by Defendant as a flight officer between January 3, 2017 and July 12, 2018.

**2.** As of July 12, 2018, Plaintiff was eligible to receive leave pursuant to the Family and Medical Leave Act ("FMLA"), the Airline Flight Crew Technical Corrections Act, 29 C.F.R. § 825.802, and U.S. Department of Labor Fact Sheet #28J. Plaintiff first became eligible

to receive FMLA leave on January 3, 2018, after he had completed the first year of his employment by Defendant.

  **3.** Between January 2017 and July 2018, Plaintiff missed more than two weeks of work. Some or all of that time was due to Plaintiff's own serious health condition and due to the care he provided to both of his elderly parents because of their serious health conditions. That included, but was not necessarily limited to:

  **(a)** Four days in January 2018 for his own serious health condition;

  **(b)** Five days in March 2018 to care for his father due to this father's serious health condition;

  **(c)** One day in April 2018 due to the same serious health condition that caused him to miss work in January 2018; and

  **(d)** Three days in May 2018 to care for his mother due to his mother's serious health condition.

  **4.** In a meeting held on July 12, 2018, Defendant's management representatives reviewed Plaintiff's attendance record with him. Plaintiff offered to provide copies of his medical records concerning the absences that resulted from his own serious health condition and from his care for his parents due to their serious health conditions.

  **5.** Defendant's management representatives informed Plaintiff, on or about July 12, 2018, that if one were to extrapolate from Plaintiff's attendance record, he would not be considered a dependable employee. That conclusion was based, in whole or in part, on Plaintiff's FMLA-protected leave after he became eligible to receive that leave on and after January 3, 2018.

  **6.** Defendant terminated Plaintiff's employment on or about July 12, 2018, because Defendant considered him to be undependable because of time he was absent from work

due to a serious health condition that made the him unable to perform the functions of his position, and because of the time he spent to care for both of his parents due to their serious health conditions.

    **7.** By terminating his employment, Defendant willfully interfered with, restrained or denied the exercise of or the attempt to exercise, any right provided Plaintiff under the FMLA, and willfully retaliated against Plaintiff because of his exercise of or his attempt to exercise any right provided under the FMLA.

    **8.** Plaintiff has been and continues to be deprived of income and fringe benefits as a result of Defendant's wrongful termination of Plaintiff's employment in violation of the FMLA. In addition, Defendant is liable to Plaintiff for liquidated damages and attorney fees for its violation of Plaintiff's rights under the FMLA.

    **b.** *Defendant:*

Frontier Airlines, Inc. ("Frontier") generally denies the allegations in Plaintiff's Complaint. Because Frontier's response to the Complaint is not due until November 18, 2019 [ECF No. 7], Frontier incorporates by reference all defenses raised in its forthcoming answer or other response to Plaintiff's Complaint.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

    **1.** Frontier is an "employer" within the meaning of 29 U.S.C. § 2611(4)(A).

    **2.** Plaintiff was hired as a First Officer by Frontier on or about January 3, 2017.

    **3.** Plaintiff's employment with Frontier was terminated on or about July 12, 2018.

## 5. COMPUTATION OF DAMAGES

    **(a)** Plaintiff estimates his past economic losses to be approximately $171,900 at this time. He calculated that amount by calculating the amount of money Frontier would have paid

him, and the value of the fringe benefits he would have received (estimated at 30% of his wages), between July 13, 2018 and December 31, 2019.  Plaintiff calculated the amount of his lost salary by using the compensation table in the 2019-2024 collective bargaining agreement between Frontier and the Air Line Pilots Association.

**(b)** Plaintiff estimates his liquidated damages to be approximately $171,900.  He calculated that amount by doubling the amount of his past economic losses.

**(c)** Plaintiff estimates his future economic losses to be approximately $3,669,050 at this time.  He calculated that amount by calculating the amount of money Frontier would have paid him, and the value of the fringe benefits he would have received (estimated at 30% of his wages), between January 1, 2020 and his 65th birthday in 2035.  Plaintiff assumes that, had Frontier not terminated his employment, he would have been promoted to the rank of captain in 2022.  He calculated the amount of his lost salary by using the compensation table in the 2019-2013 collective bargaining agreement between Frontier and the Air Line Pilots Association.  In addition, Plaintiff applied a net present discount rate of minus 2% on the gross amount of his salary and fringe benefit losses.  For the purpose of this estimate, Plaintiff assumes that he will not be able to find any substitute employment during that period of time.

**(d)** Frontier does not seek any affirmative damages, but reserves the right to seek its attorneys' fees and costs.

### 6.  REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R. Civ. P. 26(f)

**a.** The Rule 26(f) meeting was held on October 25, 2019.

**b.** The participants were Barry D. Roseman, appearing on behalf of the Plaintiff, and Stephen E. Baumann II, appearing on behalf of the Defendant.

**c.** The Rule 26(a)(1) disclosures will be exchanged on Friday, November 8, 2019.

-5-

      **d.**      The parties do not propose any changes in the timing or requirement of disclosures under Rule 26(a)(1).

      **e.**      The parties have discussed, but not yet made any specific agreements to conduct informal discovery, such as joint interviews with potential witnesses, exchanges of documents, or joint meetings with clients to discuss settlement. The parties will continue to discuss potential efforts at informal discovery where the parties believe that it would be appropriate to do so.

      **f.**      The parties agree to the use of a unified exhibit numbering system, and will endeavor to confer throughout the course of discovery regarding measures that could reduce the costs of litigation.

      **g.**      The parties do not anticipate that this case will involve extensive electronically stored information. The parties will endeavor to confer and seek to avoid and resolve discovery disputes relating to electronic discovery, including following Magistrate Judge Hegarty's Civil Practice Standards with respect to discovery disputes if necessary. To the extent any dispute may arise concerning disclosure of electronically stored information, the parties propose adhering to the Federal Rules of Civil Procedure, local rules, and applicable case law, and will attempt to resolve any such dispute with reference to <u>The Sedona Principles: Second Edition; Best Practices, Recommendations & Principles for Addressing Electronic Document Production</u> (The Sedona Conference, June 2007). The parties also intend to address claims of privilege or work-product protection for materials after production through appropriate Protective Orders.

      **h.**      The parties have discussed the possibilities for a prompt settlement or resolution of the case by alternative dispute resolution. [**Plaintiff:** The parties shall report the results of any such meeting or discussion, and any future meeting or discussion, to the magistrate judge within fourteen (14) days of any such meeting or discussion.]

### 7. CONSENT

All parties **have** consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

**a.     Modifications Which Any Party Proposes to the Presumptive Numbers of Depositions or Interrogatories Contained in the Federal Rules:**

[**Plaintiff**: None.]

[**Defendant:** 5 depositions per side, exclusive of experts.]

**b.     Limitations Which Any Party Proposes on the Length of Depositions:**

All depositions shall be limited to a maximum seven (7) hours in one (1) day.

**c.     Limitations Which Any Party Proposes on the Number of Requests for Production and/or Requests for Admission:**

Each party shall be limited to a maximum of twenty-five (25) requests for production, including subparts. In addition, each party shall be limited to a maximum of twenty-five (25) requests for admission, including subparts.

**d.     Other Planning or Discovery Orders:**

The parties anticipate a Protective Order to be negotiated by the parties.

### 9. CASE PLAN AND SCHEDULE

**a.     Deadline for Joinder of Parties and Amendment of Pleadings:**

[**Plaintiff**: Motions to amend the pleadings and motions for joinder of additional parties shall be filed no later than Tuesday, January 14, 2020.]

[**Defendant:** Motions to amend the pleadings and motions for joinder of additional parties shall be filed no later than December 9, 2019.]

**b.     Discovery Cut-off:**

The discovery cut-off date is Friday, May 15, 2020.

**c.     Dispositive Motion Deadline:**

Any potentially dispositive motions shall be filed by Monday, June 15, 2020.

**d.     Expert Witness Disclosure:**

**(1)**     Plaintiff anticipates that he may call experts in the fields of medicine and economics. Defendant anticipates affirmative expert testimony from a medical expert specializing in orthopedics and a vocational expert specializing in the field of aviation, as well as any necessary rebuttal to Plaintiff's experts.

**(2)**     Each party is limited to two affirmative expert witnesses.

**(3)**     The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before Friday, March 13, 2020. The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before Friday, April 10, 2020. [**Plaintiff:** In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.]

**e.     Identification of Persons to Be Deposed:**

| Name | Good Faith Estimate of Time Needed |
|---|---|
| **PLAINTIFF:** | |
| Shawn Christiansen | 7 Hours |
| Brad Lambert | 7 Hours |
| **DEFENDANT:** | |
| Plaintiff Benjamin Head | 7 Hours |
| Any individual disclosed by Plaintiff | 7 Hours |

**f.     Deadline for Interrogatories:**

Each of the parties shall submit his or its last set of interrogatories no later than Friday, April 10, 2020.

**g.     Deadline for Requests for Production of Documents and/or Admissions:**

Each of the parties shall submit his or its last set of production of documents and/or admissions no later than Friday, April 10, 2020.

## 10. DATES FOR FURTHER CONFERENCES

**a.**     Status conferences will be held in this case at the following dates and times:

_____.

**b.**     A final pretrial conference will be held in this case on _____ at _____ o'clock _.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING ISSUES

**a.**     There are no other discovery or scheduling issues on which counsel, after a good faith effort, were unable to reach an agreement.

**b.**     Trial is to a jury.  The parties currently anticipate that the trial in this case will last one week.

**c.**     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. District Court, LaPlata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301 81303-3439:

None.

-9-

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c). by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

BY THE COURT:

_____
United States Magistrate Judge Michael E. Hegarty

-10-

APPROVED:

| ROSEMAN LAW OFFICES, LLC | LITTLER MENDELSON, P.C. |
|---|---|
| By: /s Barry D. Roseman<br>Barry D. Roseman, Esq.<br>1120 Lincoln Street, Suite 1306<br>Denver, Colorado 80203<br>Telephone:  (720) 917-1300<br>Facsimile:  (303) 861-9214<br>Email:  Barry@RosemanLegal.com<br><br>Attorneys for Plaintiff | s/ Stephen E. Baumann II<br>Erin A. Webber<br>Stephen E. Baumann II<br>1900 Sixteenth Street, Suite 800<br>Denver, Colorado 80202<br>Telephone:  (303) 629-6200<br>Facsimile:   (303) 629-0200<br>Email:  ewebber@littler.com;<br>sbaumann@littler.com<br><br>Attorneys for Defendant |

-11-