IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cv-02650-MEH

BENJAMIN HEAD,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

**DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, Erin A. Webber and Stephen E. Baumann II of Littler Mendelson, P.C., submits the following Answer and Defenses to Plaintiff's Complaint [ECF No. 1].

**JURISDICTION AND VENUE**

1. Frontier states that the Court has jurisdiction over the claims asserted in Plaintiff's Complaint only to the extent that he is an "eligible employee" within the meaning of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2611, *et seq.* ("FMLA"). Frontier denies that Plaintiff is an "eligible employee" within the meaning of 29 U.S.C. § 2611(2), and denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2. Frontier admits that venue is proper in this District, but denies that any unlawful employment practices were committed, and denies any remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3. Frontier admits, on information and belief, that Plaintiff is a citizen of the United States. Frontier further admits that Plaintiff was employed as a probationary First Officer with Frontier from approximately January 3, 2017, through July 12, 2018. Frontier denies any remaining allegations in Paragraph 3 of Plaintiff's Complaint.

4. Frontier admits that it is a Colorado corporation.

5. Frontier admits that it is an "employer" within the meaning of 29 U.S.C. § 2611(4).

## FACTUAL ALLEGATIONS

6. Frontier admits that Plaintiff was hired as a probationary First Officer on or about January 3, 2017, and denies all remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. Frontier admits that Plaintiff was a probationary employee throughout his tenure with Frontier, and denies all remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8. The allegations in Paragraph 8 are legal conclusions to which no response is required. To the extent that a response is required, Frontier denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Frontier admits that Plaintiff was absent at least eighteen (18) days between October 31, 2017, and July 2, 2018. Frontier lacks knowledge or information sufficient to form a belief about the reasons for Plaintiff's absences, and, on that basis, denies them. Frontier denies all remaining allegations in Paragraph 9 of Plaintiff's Complaint, including subparts 9(a) through 9(f).

10. Frontier lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 10 of Plaintiff's Complaint and, on that basis, denies them.

11. Frontier admits that Plaintiff met with Captain Shawn Christensen (Chief Pilot), Bradley Lambert (Vice President of Flight Operations), and others on or about July 12, 2018.

12.     Frontier admits that that the July 12, 2018 meeting was convened to discuss Plaintiff's dependability while a probationary employee with Frontier. Frontier denies the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

13.     Frontier denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14.     Frontier denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Frontier denies the allegations in Paragraph 15 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF

Frontier incorporates by reference its preceding responses as though fully restated here, and further states as follows:

16.     Frontier denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Frontier denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Frontier denies the allegations in Paragraph 18 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

Frontier incorporates by reference its preceding responses as though fully restated here, and further states as follows:

19.     Frontier denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Frontier denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Frontier denies the allegations in Paragraph 21 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

In response to the "WHEREFORE" clause contained in Plaintiff's Complaint, Frontier denies that Plaintiff is entitled to judgment in his favor, judgment against Frontier, and/or any of

the relief that Plaintiff seeks.

**Frontier denies all allegations not specifically admitted herein**.

### DEFENSES

1. The Court lacks subject matter jurisdiction to the extent that Plaintiff is not an "eligible employee" within the meaning of 29 U.S.C. § 2611(2).

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred by the doctrines of waiver, equitable estoppel, acquiescence, and unjust enrichment.

4. Plaintiff's claims are barred by the doctrine of unclean hands.

5. Plaintiff's claims for damages or other relief are barred or limited by the after-acquired evidence doctrine.

6. Plaintiff was an at-will employee, as that term is defined under Colorado common law, and therefore, could have been terminated at any time, for any reason (not specifically prohibited by state or federal law), and with or without cause.

7. The challenged actions about which Plaintiff complains would still have been taken irrespective of any alleged impermissible motivating factor.

8. The challenged actions about which Plaintiff complains would still have been taken, notwithstanding any of Plaintiff's factual allegations, for legitimate reasons unrelated to any leave under the FMLA or any activity protected by the FMLA.

9. Plaintiff's claims are barred to the extent he failed to provide timely notice of the need to take leave and/or failed to provide Frontier sufficient information that any such leave was for a qualifying reason under the FMLA.

10. Plaintiff's First Claim for Relief is barred because Plaintiff was not entitled to take any FMLA leave.

11. Plaintiff's First Claim for Relief is barred because Frontier did not take any adverse action against Plaintiff that interfered with any right to take any FMLA leave.

12. Plaintiff's First Claim for Relief is barred because any adverse action against Plaintiff, which Frontier specifically denies, did not interfere with any exercise or attempted exercise of any FMLA right.

13. Plaintiff's Second Claim for Relief is barred because Plaintiff engaged in no protected activity.

14. Plaintiff's Second Claim for Relief is barred because no adverse employment action was taken because of any FMLA-protected conduct.

15. Plaintiff's Second Claim for Relief is barred because Frontier held an honest belief that Plaintiff misused FMLA leave or was dishonest about any request for FMLA leave.

16. To the extent, if any, that Frontier is found to have violated the FMLA, Plaintiff is not entitled to liquidated damages because any act or omission was in good faith and Frontier had reasonable grounds for believing that any such act or omission was not a violation of the FMLA.

17. To the extent, if any, that Frontier is found to have violated the FMLA, Frontier's violation was not willful.

18. Frontier cannot be held liable for any unlawful act of supervisors because Frontier exercised reasonable care to prevent and promptly correct any interference or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Frontier or to avoid harm otherwise.

19. Frontier maintains policies prohibiting FMLA interference and retaliation that it publicizes and on which it trains its employees and supervisors. Frontier makes reasonable, good-faith efforts to prevent FMLA interference and retaliation from occurring in the workplace and is therefore not liable to the extent that employment decisions of managerial agents, if any, were contrary to Frontier's good-faith efforts to comply with the law. All actions taken by Frontier were taken in good faith, were not willful, and were based on legitimate non-retaliatory reasons.

20. To the extent any employee engaged in any unlawful conduct, such conduct was committed outside the course and scope of such employee's employment, was not authorized, adopted or ratified by Frontier, and/or Frontier did not know nor should it have known of such conduct.

21. If the actions of former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Frontier, and Frontier is not vicariously liable.

22. Any retaliation claim is barred because, even assuming arguendo such acts or omissions occurred, Frontier did not know, nor should it have known, of the alleged unlawful conduct.

23. Any acts or omissions by Frontier were not the proximate cause of any injuries allegedly suffered by Plaintiff.

24. Plaintiff has a duty to mitigate any damages and failure to do so limits or eliminates any right to recovery.

25. To the extent Plaintiff's claims are subject to statutory caps or other limitations on remedies, any damages awarded must be reduced to the level of the caps or other limitations.

26. The Complaint fails to state any facts that would entitle Plaintiff to recover general

or compensatory damages, or attorneys' fees and costs from Frontier.

27. Plaintiff's damages, if any, are limited or barred because they are speculative.

28. Frontier designates all denials of material allegations set forth above as Defenses to the extent Frontier carries the burden of proof with respect to any such denials.

29. Frontier reserves the right to assert additional affirmative defenses as additional facts are discovered.

**WHEREFORE**, Frontier requests that the Court: (1) dismiss Plaintiff Benjamin Head's Complaint with prejudice; (2) deny Plaintiff's demands and prayer for relief; (3) award Frontier its costs and reasonable attorneys' fees incurred in defense of this action; and (4) grant Frontier such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of November, 2019.

*s/Erin A. Webber*
Erin A. Webber
Stephen E. Baumann II
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 80202
Telephone: 303-629-6200
Facsimile: 303-629-0200
Email:   ewebber@littler.com
             sbaumann@littler.com


**ATTORNEYS FOR DEFENDANT FRONTIER AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November, 2019, a true and correct copy of **DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** was electronically filed and served via CM/ECF on the following:

Barry D. Roseman, Esq.
Roseman Law Offices, LLC
1120 Lincoln Street, Suite 1306
Denver, CO 80203
barry@rosemanlegal.com

*Attorney for Plaintiff*

*s/Valerie Gremillion*
Valerie Gremillion