**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 19-cv-02650-MEH

BENJAMIN HEAD,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

    This matter comes before the Court on the Stipulated Motion for Protective Order submitted by the parties.

    Upon showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case. The parties will follow the procedures set forth in this Protective Order (the "Protective Order") with respect to disclosure of information, documents, or things in this proceeding. It is hereby assured and agreed that the parties will act as follows:

    **IT IS ORDERED:**

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

-2-

2.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1). A draft or non-identical copy is a separate document within the meaning of this term, but the designation of the original document shall apply to drafts or non-identical copies.

3.      Information designated CONFIDENTIAL shall be information which a producing party believes in good faith to contain confidential personal or personnel information, or technical or business information of a proprietary nature. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.      Any party who inadvertently fails to identify a document as CONFIDENTIAL shall, promptly upon discovery of its or his/her oversight, provide written notice of the error and substitute an appropriately-designated document. Any party receiving an improperly-designated document shall retrieve such document from persons not entitled to receive the document and, upon receipt of the substitute document, shall return or destroy the improperly-designated document. A party may object to the designation as stated in Paragraph 12. If a party objects to any designation made pursuant to this Paragraph 4, that party shall not be required to retrieve any documents so designated, return any such documents or destroy any such documents until and unless the Court denies any motion filed in connection with those documents pursuant to Paragraph 12.

5.      CONFIDENTIAL documents, materials, and/or information (collectively all documents designated as "CONFIDENTIAL") shall not, without the consent of the party producing it, or further Order of the Court, be disclosed, except that such information may be disclosed to:

      a.      The Parties;

      b.      The Attorneys and their staff;

-3-

      c.      The Court and its employees;

      d.      Stenographic reporters who are engaged in discovery or other proceedings necessarily incident to the conduct of this action;

      e.      Deponents, witnesses, or potential witnesses;

      f.      Other persons by written agreement of the parties; and

      g.      Such other persons as the Court specifically approves.

6.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than Attorneys, the trial judge, Court personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person written acknowledgment (in the form attached as Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.      Information may be designated as CONFIDENTIAL by:

      a.      imprinting the word "Confidential" on the first page or cover page of any document produced;

      b.      imprinting the word "Confidential" next to or above any answer to an interrogatory;

      c.      informing all Attorneys, in writing or by e-mail, that the information is CONFIDENTIAL and is governed by this Protective Order; or

      d.      advising the court reporter that certain testimony is CONFIDENTIAL and is to be separately transcribed and marked accordingly or by providing written notice to the parties within ten days of receipt of the transcript.

-4-

8. Whenever a deposition involves the disclosure of information designated as CONFIDENTIAL, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the deposition is promptly given to all Counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. Any CONFIDENTIAL document or document containing CONFIDENTIAL information that is filed with the Court shall be filed as a Level 1 restricted document or documents, and shall be filed with a motion to restrict access, pursuant to D.C.COLO.LCivR 7.2(c) and (e).

10. In the event that a non-party produces documents that a party wishes to designate as CONFIDENTIAL, the party wishing to make that designation must do so within fifteen (15) business days after the designating party has received copies of those documents, and must identify the CONFIDENTIAL document(s) or confidential information by Bates number or, where not Bates numbered, by document title and page number(s). The non-designating parties shall treat any documents received from a non-party as CONFIDENTIAL for at least the first fifteen (15) business days after the designating party has received those documents.

11. Production by a party of any document or materials without a designation of confidentiality or with an incorrect designation will not be deemed to waive a later claim as its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" at a later date. However, any use by the receiving party made before a post-production designation by the producing party will not be a violation of this Protective Order, and any such post-production designation will apply prospectively only and not to any

disclosure made prior to the designation, so long as the non-designating party notifies the designating party of the prior disclosure of such information and explains the reasonable steps taken by the non-designating party to retrieve materials it disseminated prior to the designation and to otherwise come into conformance with the new designation. Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substituted documents, shall return or destroy the improperly-designated documents.

12. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting, or to request that the Court determine, whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed or if a request is timely made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion or matter. If the designating party fails to file such a motion or to request such a determination within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed or with a request made under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing good cause exists for the disputed information to be treated as CONFIDENTIAL.

13. Any party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned.  The receiving party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request.

14. All documents designated as CONFIDENTIAL shall be used solely for the purpose of this litigation.  Any person receiving such documents shall not, directly or indirectly, copy, use, or transfer the information except as specifically allowed in this Protective Order.  Any person receiving such documents shall not, directly or indirectly, disclose or communicate in any way the documents or their contents to any person other than those specified in this Protective Order.  Any other use is prohibited except for counsel to reference the decisions of the current jurist appointed to this case in his future practice.

15. Within seven days of final resolution of this case, the parties and their attorneys shall destroy all copies of information designated by the opposing party as CONFIDENTIAL.  The original copies of such information shall be maintained by the producing party for a period of two years following the final resolution of this case.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

16. This Protective Order may be modified by the Court at any time for good cause shown, following notice to all parties and an opportunity for them to be heard.

**Dated** this ___ day of January, 2020.

-7-

BY THE COURT:

_____
United States Magistrate Judge Michael E. Hegarty

APPROVED:

| ROSEMAN LAW OFFICES, LLC | LITTLER MENDELSON, P.C. |
|---|---|
| By: /s Barry D. Roseman_____<br>Barry D. Roseman, Esq.<br>1120 Lincoln Street, Suite 1306<br>Denver, Colorado 80203<br>Telephone:  (720) 917-1300<br>Facsimile:  (303) 861-9214<br>Email:  Barry@RosemanLegal.com<br><br>Attorneys for Plaintiff | s/ Stephen E. Baumann II_____<br>Erin A. Webber<br>Stephen E. Baumann II<br>Carolyn B. Theis<br>1900 Sixteenth Street, Suite 800<br>Denver, Colorado 80202<br>Telephone:  (303) 629-6200<br>Facsimile:   (303) 629-0200<br>Email:  ewebber@littler.com;<br>sbaumann@littler.com<br>catheis@littler.com<br><br>Attorneys for Defendant |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 19-cv-02650-MEH

BENJAMIN HEAD,

    Plaintiffs,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

I, _____ the undersigned, hereby declare that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I acknowledge that I have been informed that a Protective Order issued by the Court in the above captioned civil action requires confidentiality with respect to information designated as "CONFIDENTIAL" and therefore I agree to keep all such information and materials strictly and absolutely confidential, and in all other respects be bound by the provisions of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

Executed on _____      _____
                   (Date)                                         (Signature)